UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RAINER VON FALKENHORST III, TDCJ § # 01938554, § § Plaintiff, § VS. § § KAWABENA OWUSU, *et al*, § § Defendants. § | § § § § § § § § § § | CIVIL ACTION NO. 3:18-CV-0128 |

# MEMORANDUM OPINION AND ORDER

Plaintiff Rainer von Falkenhorst, an inmate at the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed this civil rights action alleging that Defendants denied him medication and violated his right to participate in a religious fellowship. By separate order entered this day, the Court has instructed Plaintiff to submit a more definite statement. The Court now addresses Plaintiff's pending motions.

1. Plaintiff's motion for extension of time to allow TDCJ to process funds (Dkt. 8) is **DENIED as moot** because TDCJ now has processed his payments.

2. Plaintiff's motion for appointment of counsel (Dkt. 14) is **DENIED without prejudice** because the Court has not yet completed its screening process. *See* Order (Dkt. 7), at 3, ¶ 9.

3. Plaintiff's motions to amend or supplement his complaint (Dkt. 9, Dkt. 16) are **STRICKEN** because Plaintiff has failed to comply with the Court's instruction to attach "a complete amended complaint" to any motion to amend. *See* Order (Dkt. 7), at

2, ¶ 7 ("Any pleadings or other papers filed in violation of these directions . . . shall automatically be STRICKEN from the record . . .").

4. To the extent Plaintiff's allegations of retaliation in his filings could be construed as a request for emergency injunctive relief, Plaintiff has failed to make the required showing. A plaintiff seeking a preliminary injunction must establish "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Jones v. Texas Dep't of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018) (citations omitted). To state a valid claim for retaliation in this context, a prisoner must allege: "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Brown v. Taylor*, 911 F.3d 235 (5th Cir. 2018). In this case, Plaintiff has failed to show a "substantial likelihood of success on the merits" because, among other reasons, he fails to identify any particular person who caused the specific events about which he complains. *See, e.g.*, Dkt. 9, at 2 ("*they* shook me down"); *id*. ("I'm harassed by strip searches [and] *they* stop[p]ed medicine"); *id*. at 3 ("I felt *the[y're]* trying to make me quit my job as clerk in cannery"). In addition, his allegations appear to be based on no more than his personal belief that he is a victim of retaliation, which is insufficient to satisfy the element of causation or to

demonstrate retaliation. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

Therefore, his request for injunctive relief is **DENIED**.

    The Clerk will provide a copy of this order to the parties.

    SIGNED at Galveston, Texas, this 4th day of February, 2019.

                                                   */s/ George C. Hanks Jr.*
                                                   George C. Hanks Jr.
                                                   United States District Judge